1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRIAN WATSON MICHALEK, et al.,           No.  2:20-cv-0121 KJM DB PS

12                  Plaintiffs,

13         v.                                   ORDER

14    JOHN TOTONOTNNA, et al.,

15                  Defendants,

16

17         Plaintiff Brian Watson Michalek is proceeding in this action pro se.  This matter was

18    referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19    Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis

20    pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Plaintiff's complaint purports to be brought on

21    behalf of plaintiff's niece and dozens of other minor plaintiffs who were allegedly assaulted at

22    their school.  (Compl. (ECF No. 1) at 8.)

23         The court is required to screen complaints brought by parties proceeding in forma

24    pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

25    2000) (en banc).  Plaintiff's in forma pauperis application makes the financial showing required

26    by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in

27    forma pauperis status does not complete the inquiry required by the statute.  "'A district court

28    may deny leave to proceed in forma pauperis at the outset if it appears from the face of the

1

1   proposed complaint that the action is frivolous or without merit.'" <u>Minetti v. Port of Seattle</u>, 152

2   F.3d 1113, 1115 (9th Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370

3   (9th Cir. 1987)); <u>see also</u> <u>McGee v. Department of Child Support Services</u>, 584 Fed. Appx. 638

4   (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to

5   proceed IFP because it appears from the face of the amended complaint that McGee's action is

6   frivolous or without merit"); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of

7   the District Court to examine any application for leave to proceed in forma pauperis to determine

8   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

9   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

10          Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

11  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

12  state a claim on which relief may be granted, or seeks monetary relief against an immune

13  defendant.  <u>See</u> 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

14  arguable basis in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v.</u>

15  <u>Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

16  complaint as frivolous where it is based on an indisputably meritless legal theory or where the

17  factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

18          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

19  state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

20  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

21  true the material allegations in the complaint and construes the allegations in the light most

22  favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v.</u>

23  <u>Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245

24  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

25  lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

26  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western</u>

27  <u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

28  ////

2

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff is advised that the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.") Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a). In this regard, the name, address, and telephone number of each party must be included in the upper left-hand corner of each document presented for filing and each plaintiff must sign each document they file. Local Rule 131(a) and (b); Fed. R. Civ. P. 11.

Moreover, only plaintiff Brian Watson Michalek has filed an application to proceed in forma pauperis. Each plaintiff seeking leave to proceed in forma pauperis must submit a separate application for leave to proceed in forma pauperis. Filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted sixty (60) days to retain counsel to proceed with this action.[1]

DATED:  April 24, 2020                    /s/ DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.