UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WATSON MICHALEK, et al., | No. 2:20-cv-0121 KJM DB PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOHN TOTONOTNNA, et al., | |
| Defendants, | |

    Plaintiff Brian Watson Michalek is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On October 15, 2020, the undersigned issued an order to show cause as to why this action should not be dismissed for lack of prosecution. (ECF No. 4.) Plaintiff was ordered to show cause in writing within fourteen days. The fourteen-day period has long passed, and plaintiff has not responded in any manner.

    Moreover, on October 26, 2020, the Court received returned as undeliverable plaintiff's copy of the October 15, 2020 order. Pursuant to Local Rule 183 if a plaintiff fails to notify the Court within sixty-three (63) days of a current address, the Court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). Here, the sixty-three-day deadline has passed and plaintiff has not provided a current address.

////

**ANALYSIS**

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to comply with the orders of this Court and the Local Rules. Moreover, plaintiff has failed to provide the Court with a current address. The Court provided plaintiff ample time to provide a current address but plaintiff has failed to do so.

In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the Court's Local Rules. See Fed. R. Civ. P. 41(b).

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 16, 2020 complaint (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 8, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/michalek0121.dlop.f&rs

3